

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

| This Opinion |
| Affirms Opinion |
| # 0-2276 |

Honorable Russell Graham
County Attorney
Kimble County
Junction, Texas

Dear Sir:

Opinion No. 0-7483
Re: Issuance of bonds by county
for the acquisition of
land to be given, sold, or
leased to A & M College.

We have received your letter of November 2, 1946,
which we quote, in part, as follows:

"The Agricultural and Mechanical College of Texas
has recently offered to establish, at its own expense,
an adjunct or division of such College near Junction,
Kimble County, Texas, provided the County will furnish
411 acres of land to the College upon which the neces-
sary buildings and equipment can be erected. The
Commissioner's Court of this County desires to call
an election to issue bonds in order to obtain the
land and either give, sell, or lease it to the College
for that purpose, but the Court is not clear as to its
authority under these circumstances and I therefore
respectfully request your opinion on the following
question:

"'Is the Commissioner's Court of a County authorized
to call an election for the purpose of issuing bonds
for the acquisition of land to be either given, sold,
or leased to the Agricultural and Mechanical College
of Texas to be used by, and at the expense of, such
College for the purpose of establishing thereon an
adjunct, or division of such College?'

"Article 163a, Revised Civil Statutes of Texas, 1925,
would seem to give the Commissioner's Court such authority.
However, the question arises in our case as to whether
the term 'agricultural experiment station' (as used in
Sec. 1 of the statute cited) is broad enough to include

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Russell Graham - Page 2

a division or adjunct of The Agricultural and Mechanical College, and I accordingly also request your opinion as to the following question:

"'Is the term 'agricultural experiment station,' as used in Sec. 1 of Article 163a, Revised Civil Statutes of Texas, 1925, broad enough to include an adjunct of The Agricultural and Mechanical College of Texas?'"

"Assuming the answers to both the foregoing questions should be in the affirmative, still another problem is presented, on which the Commissioner's Court of this County seeks advice. As mentioned in the first paragraph of this letter, the Court desires to give, sell or lease the land to the College, whereas Sec. 3 of the cited Article 163a provides that the lease may be to the State of Texas without specification as to leasing to an agency of the State. It is our belief that the statute must be broad enough to be effectual; that the lease contemplated by the statute would necessarily have to be to some agency of the State, and that The Agricultural and Mechanical College, being certainly the best equipped organization within the State for the handling of such property and equipment, would be a proper lessee within the meaning of the statute. However, the Commissioner's Court of this County is anxious to secure your ruling on this point, and I therefore respectfully submit the following additional question for your opinion:

"'After the Commissioner's Court of a County acquires and constructs an agricultural experiment station, may such Court lease same to The Agricultural and Mechanical College of Texas?'"

On May 10, 1940, this department rendered opinion No. O-2276 which held in effect that there was no authority for a county to call an election for the purpose of voting bonds for the purchase of land to be donated to A & M College for use as an agriculture experiment station. We re-affirm that opinion and hold that there is no authority for a county to vote bonds to purchase land to be donated to A & M College for such an experiment station or for any other reason.

However, after the above-mentioned opinion was rendered, the Forty-Seventh Legislature in 1941 passed an act (House Bill

373, Chapter 436, page 703 - codified by Vernon as Article
163a), which provides as follows:

"Section 1. The Commissioners Court of any county in
this State is hereby authorized to call an election
for the purpose of issuing bonds or warrants for the
purpose of acquiring tracts of land and constructing
buildings and improvements thereon for an agricultural
experiment station, and is hereby authorized to levy
and collect a tax sufficient to pay the annual interest
and to provide a sinking fund for the payment of the
principal at maturity.

"Section 2. The election authorized herein shall be held
under the provisions set forth in Title 22, Chapters 1
and 2, Revised Civil Statutes of Texas, 1925.

"Section 3. The Commissioners Court of any county in
this state which may acquire and construct an agricultural
experiment station as authorized by this Act is further
authorized to lease same to the State of Texas or to
any agency of the Federal Government under terms to be
agreed upon by the Commissioners Court and the lessor.

"Section 4. The fact that the present law does not per-
mit the Commissioners Court of any county in this State
to call an election for the purpose of issuing bonds
or warrants for the purpose of acquiring land and con-
structing buildings and improvements for an agricultural
experiment station or to lease such experiment station
to the State of Texas or the Federal Government or any
agency thereof, creates an emergency and an imperative
public necessity requiring that the Constitutional
Rule requiring bills to be read on three several days
in each House be and the same is hereby suspended and
this Act shall take effect and be in force from and
after its passage, and it is so enacted."

It is clear, under this article, that county bonds
may be issued for the purpose of acquiring land and construct-
ing buildings and improvements thereon for an agriculture ex-
periment station and that the same may thereafter be _leased_
to the State of Texas or to any agency of the Federal Government.
This article does not authorize the _sale_ or _donation_ of the
property to the college. In accordance with Opinion No. O-2276,
a copy of which is herewith enclosed, we hold that bonds to
purchase land to be donated or sold to the college may not be

issued.

We will now turn to the question whether the college may establish a division or adjunct on any property leased to the college under Article 163e.

The Constitution and statutes (Article VII, Section 13 and Article 2607, R.C.S.) both provide that the Agricultural and Mechanical College of Texas located in Brazos County is hereby constituted a branch of the University of Texas for instruction in agriculture, the mechanical arts, and the natural science connected therewith. The powers of the Board of Directors of the college are set out in Chapter Two of the Revised Civil Statutes of 1925 (Articles 2607, et seq.) We have been unable to find any law authorizing the Board of Directors to establish an adjunct or division of the college, as such, other than at the college itself, which is "located in Brazos County." Certain statutes give the Board of Directors additional authority over other educational institutions (See Article 2616 which provides that "the government and direction of policies of the John Tarleton Agricultural College at Stephenville shall be vested in the Board of Directors of the Agricultural and Mechanical College of Texas."), but, of course, this is authority for a specific purpose. In view of the fact that there is no authority for the Board of Directors to establish an adjunct or division as mentioned above, we must hold that no such authority exists.

However, Articles 136, et seq. authorize the establishment of state experiment stations Article 136 provides as follows:

"There shall be established at such places in this State as the board hereinafter named may deem proper, experiment stations for the purpose of making experiments and conducting investigations in the planting and growing of agricultural and horticultural crops and soils, and the breeding, feeding and fattening of livestock for slaughter. Proceeds from the sale, barter or exchange of crops raised on any of said experiment stations shall go to defray the expenses of operating the same. (Acts 1st C. S. 1913, p. 98.)"

Articles 137 and 138 provide that the stations shall be governed by the Board of Directors of the Agricultural and

Mechanical College. Article 143 authorizes the Board to lease such land as in its judgment may be necessary. The Legislature in enacting Article 163a must be presumed to have known that the authority to direct and supervise the experiment stations was vested in the Board of Directors. Therefore, in providing that the county may lease the experiment station to "the State of Texas," the legislature intended that "the State of Texas" would include the college. Moreover, our Supreme Court has held in the case of State v. Morgan, 170 S. W. 652, that the operation of an experiment station by A & M. College was a governmental function of the State.

Based upon the foregoing discussion, your questions are answered as follows:

1. The Commissioners' Court may, under the authority of Article 163a, call an election to determine whether bonds will be issued for the purpose of acquiring tracts of land for an agricultural experiment station, and may lease the same to A & M College; however, the article does not authorize the donation or sale of the property to the college. Moreover, Article 163a is the only law which we have been able to find whereby a county may issue bonds to acquire property which may be leased to A & M College.

2. The Board of Directors of the College is without authority to establish a division or adjunct of the college, as such, in Kimble County, Texas. However, it may lease an experiment station from Kimble County under the authority of Articles 143 and 163a. Therefore, the Board of Directors may establish a division or adjunct to the extent that the experiment station is such an adjunct or division. Of course, this type of adjunct would be limited to the purpose for which an experiment station can be established; namely, "for the purpose of making experiments and conducting investigations in the planting and growing of agricultural and horticultural crops and soils, and the breeding, feeding and fattening of livestock for slaughter."

3. The Commissioners' Court of Kimble County, if the county acquires an experiment station as authorized by Article 163a, may lease the same to the Agricultural and Mechanical College of Texas.

240

We hope that the foregoing discussion will answer the questions in which you are interested.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *George W. Sparks*

George W. Sparks
Assistant

GWS:mj

APPROVED     8 1946

*Harris Toler*

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BU
CHAIRMAN